Jared Kahn, Esq.
Nevada Bar # 12603
JK Legal & Consulting, LLC
9205 West Russell Rd., Suite 240
Las Vegas, NV 89148
P: (702) 708-2958
F: (866) 870-6758
jkahn@jk-legalconsulting.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL COOK, an individual, | CASE NO: 2:22-CV-01940-RFB-EJY |
| Plaintiff, | |
| vs. | **AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| ADAM LINGENFELTER, an individual; LINGENFELTER CUSTOM HOMES, LLC, a Texas limited liability company; DOES I-X; and ROE COMPANIES I-X; | |
| Defendants. | |

Plaintiff Michael Cook ("Cook"), and Defendants Adam Lingenfelter and Lingenfelter Custom Homes, LLC ("Lingenfelter"; collectively with Cook known herein as the "Parties") by and through their respective counsel, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure, hereby submit their proposed Amended Joint Discovery Plan and Scheduling Order ("Amended Discovery Order").

    **A. Special Scheduling Requested**: The Parties request this Court consider a special scheduling request due to the out-of-state defendants and the limited jurisdictional discovery ordered by this Court pursuant to the Order on the Motion to Dismiss entered by this Court on June 23, 2023 [Dkt # 21], and

Plaintiff contends forensic accounting will be required in this matter. The Parties request the to extend the current discovery deadlines set forth in the Order on Discovery Plan and Scheduling Order [Dkt # 16] in order to complete the limited jurisdictional discovery and the anticipated discovery that will need to be conducted in this matter. This special scheduling request is a deviation from the date structure provided in LR 26-1(e) and is sought in good faith to accommodate the limited jurisdictional discovery for an out-of-state defendant, and, in the event the matter remains in this Court, then additional discovery will be required to be completed once the limited jurisdictional discovery is completed. Consequently, allowing a deviation of the discovery period from the date of the Rule 26(f) conference will provide the Parties the time required to complete the limited jurisdictional discovery, develop and litigate this action, including obtaining the appropriate forensic accountants to review and opine on the business financials at stake in this matter.

In addition, due to unforeseen personal family emergencies, Plaintiff's counsel was required to travel out of the country to South Africa for almost a one-month unexpected travel period, which caused delay in completing necessary discovery. Plaintiff's counsel was also repeatedly attempting to subpoena banking records for the applicable loan at issue that is the subject of the limited jurisdictional discovery, however, after numerous attempts at service, the original mortgage lending office and principal broker's business, it was determined that the mortgage business office had closed and no one within the business was able to respond to the subpoena, which caused extensive delay in completing the necessary limited discovery. The parties completed various written discovery,

JK LEGAL & CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

notably Requests for Production and Interrogatories and the appropriate Responses thereto, and, the parties completed the limited deposition of Plaintiff with regard to jurisdiction. Due to unforeseen circumstances beyond Plaintiff and his counsel's control, the limited jurisdictional discovery was unable to be timely completed. In addition, consistent with accommodation to Plaintiff for the foregoing the Defendant desires the extension of the discovery dates in order to file a dispositive Motion, if applicable, upon completion of the limited jurisdictional discovery as permitted by the Court's Order on the Motion to Dismiss.

The parties respectfully request 180-days from the date of submission of this Amended Joint Discovery Plan for the completion of discovery in this matter, with 60-days to complete the limited discovery from the date of filing of this Amended Joint Discovery Plan to complete the deposition of Defendant, and then 120-days to complete the remaining discovery necessary in this matter. Therefore, the parties stipulate to seeking 180-days to complete the discovery from the date of filing of this Amended Joint Discovery Plan, which includes 60-days from the date of filing of this Amended Joint Discovery Plan to complete the limited discovery in this matter. The Parties stipulate that any Motion to Dismiss of for Summary Judgment on the jurisdictional issue will be filed by July 31, 2024. The Parties request is made in good faith and without any dilatory motive or to cause delay in this matter.

B. **Fed.R.Civ.P. 26(f) Conference**: On January 6, 2023, the Parties conducted the discovery conference as required under Fed. R. Civ. P. 26(f). In attendance on behalf of Plaintiff Cook was his counsel Jared Kahn, Esq.; and in attendance on

JK LEGAL &
CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

3 of 9

behalf of Defendants Lingenfelter was their counsel Mark Roach, Esq.

1. <u>Fed. R. Civ. P. 26(a) Changes</u>: The Parties submitted their initial disclosures prior to the original deadline of **Friday, February 10, 2023**, within the thirty (30) days from the date of the Early Case Conference (the "Discovery Conference"), as required by Fed. R. Civ. P. 26(a).

2. <u>Fed. R. Civ. P. 26(f)(3)(A)-(B) Scope and Timing of Discovery</u>: The Parties believe that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and should not be limited to any particular issues. However, pursuant to the Court's Order on the Motion to Dismiss granting limited jurisdictional discovery, the parties must first only complete the limited jurisdictional discovery, complete motion practice, if any thereon, and then finalize the remaining discovery in this case.

    i. The Parties propose the following timetable for discovery, based on an eight-month schedule from submission of this Amended Joint Discovery Plan:

        1. **Discovery Cut-Off Date**: The cut-off date for fact discovery shall be the **20th day of November, 2024**, 180 days from the date of filing this Amended Joint Plan of Discovery. The cut-off date for expert discovery shall be the **4th day of January 2025**, 45 days after the close of fact discovery.

        2. **Amending the Pleadings and Adding Parties**: All motions to amend the pleadings or to add parties shall be

filed not later than the **22nd day of August, 2024**, 90 days prior to the scheduled close of discovery.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**: Disclosures concerning experts shall be made no later than the **5th day of December, 2024**, 30 days before the expert discovery cut-off date. Disclosures concerning rebuttal experts shall be made no later than the **15 day of December, 2024**, 10 days after the initial disclosure of experts.

4. **Dispositive Motions**: The date for filing dispositive motions shall not be later than the **18th day of December, 2024**, 28 days after the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

   a. Any dispositive motion on the jurisdictional issue shall be filed no later than July 31, 2024.

5. **Pretrial Order**: The date for filing the joint pretrial order shall not be later than the **17th day of January, 2025**, 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until

JK LEGAL & CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made not later than the **31st day of October, 2024**, 20 days before the discovery cut-off date.

7. **Interim Status Report**: The Parties shall file the interim status report, if required, by the **20th day of September, 2024**, 61 days before the discovery cut-off date.

3. Fed.R.Civ.P. 26(f)(3)(C) Discovery of Electronically Stored Information: The Parties agree to preserve documents in accordance with the Federal Rules of Civil Procedure, including electronically-stored information. The disclosure or discovery of electronically stored information shall be handled as follows:

   i. As used in this section 3(a), the following terms shall be defined as follows:

      1. "Alter" shall mean alter, change, modify, revise, corrupt, delete and/or destroy, but, in accordance with Fed. R. Civ. P. 37(e) shall not include alteration as a result of the routine, good-faith operation of an electronic information system.

    2. "Custodial Persons" shall mean non-parties who have in their possession, custody, or control documents relating to the claims or defenses in this action.

    3. "Party" shall mean Lingenfelter Custom Homes, LLC (including its employees, partners, agents, subsidiaries, parents, owners), Adam Lingenfelter, and Michael Cook.

    4. "Person" shall mean any individual, corporation, partnership, general partner, limited partnership, limited-liability partnership, limited-liability company, member, trust, association, organization or any form of entity whatsoever.

ii. Each Party shall preserve and not Alter documents falling within their preservation obligations under the Federal Rules of Civil Procedure, including electronically stored information, in their existing format regardless of any pre-existing retention policies. Parties may, however, continue the routine, good-faith operation of electronic information systems.

iii. Each Party shall instruct all Custodial Persons to preserve and not Alter documents falling within their preservation obligations under the Federal Rules of Civil Procedure, including electronically stored information, in their existing format regardless of any preexisting retention policies. Custodial Persons may, however, continue the routine, good-faith operation of electronic information systems.

JK LEGAL & CONSULTING, LLC
9205 West Russell Rd., Suite 240
Las Vegas, Nevada 89148
(702) 702-2958

    iv. Each Party shall produce electronically-stored data in multi-page OCR .tif format, with Concordance load files with specifications as agreed upon by the parties (for compatibility with the most common litigation document review system), with the exception of Excel or similar spreadsheets which shall be produced in native format. If a party receiving such production contends that a native or other non-.tif format is necessary to ascertain discoverable information, it may request a party to produce in native format. Any dispute as to the necessity of production in native format shall be resolved by the Magistrate Judge.

    v. The parties shall meet and confer regarding the meta-data fields that shall accompany the production of electronically stored information, concurrent with the production of such information. If a Party wishes to withhold any metadata from the agreed upon fields it must seek agreement from opposing counsel or a protective order protecting against such production from the court.

4. <u>Fed.R.Civ.P. 26(f)(3)(D) Claims of Privilege or Protection as Trial Preparation Material</u>: A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material, pursuant to Fed.R.Civ.P. 26(b)(5), shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material. Such a privilege log shall be shall be limited to communications prior to the commencement of this action,

and shall be produced within (21) days following the date that the documents memorialized in the privilege log were to be produced by the party from whom discovery is being sought. If a party becomes aware of a privileged document having been produced the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

5. <u>Fed.R.Civ.P. 26(f)(3)(E) Changes</u>: None at this time.

6. <u>Fed.R.Civ.P. 26(f)(3)(F) Orders</u>: None at this time.

C. **<u>Later-Appearing Parties</u>**: A copy of this Discovery Order shall be served on any person who is hereafter added as a party to this action within five days of that later appearing Party's first appearance. This Discovery Order shall apply to such later appearing party or parties, unless: (1) a stipulation of the Parties is approved by this Court, or (2) this Court, on motion for good cause shown, orders otherwise.

DATED this 24th day of May, 2024.

| JK LEGAL & CONSULTING, LLC | KOELLER NEBEKER CARLSON & HALUCK, LLP |
|---|---|
| /s/ Jared B. Kahn<br>Jared B. Kahn, Esq., Nevada Bar # 12603<br>9205 W. Russell Rd., Suite 240<br>Las Vegas, NV 89148<br>(702) 708-2958 Phone<br>(866) 870-6758 Fax<br>jkahn@jk-legalconsulting.com<br>Of Attorneys for PLAINTIFF | /s/ Andrew C. Green, Esq.<br>Andrew C. Green, Esq. Nevada Bar # 9399<br>300 S. 4th Street, Suite 500<br>Las Vegas, NV 89101<br>Attorneys for Defendants, ADAM LINGENFELTER and LINGENFELTER CUSTOM HOMES, LLC |

_____
UNITED STATES MAGISTRATE JUDGE
DATED: May 24, 2024